```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

PNC BANK, National Association,  )
etc.,                            )
                                 )
               Plaintiff,        )
                                 )
     v.                          )   No.  12 C 5992
                                 )
SARNO INVESTMENT PROPERTIES,     )
LLC, et al.,                     )
                                 )
               Defendants.       )
```

MEMORANDUM ORDER

PNC Bank ("PNC"), a national banking association, attempts to invoke diversity-of-citizenship jurisdiction to file this action against Sarno Investment Properties, LLC ("Sarno") and Jonathon Borkowsky ("Borkowsky"). Because that effort is impermissibly flawed, so that PNC has failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte order dismisses the Complaint and this action on jurisdictional grounds--but with the understanding that if the present flaws can be cured promptly, the action might then be reinstated.

As to PNC itself, Complaint ¶4 properly identifies both components of its corporate citizenship under 28 U.S.C. §1332(c)(1).[1]  Nor is any problem likely to be posed by Complaint ¶6, which alleges Borkowsky is an Illinois "resident" (of course it is wrong to do so, because the jurisdictionally

---

[1] All further references to Title 28's provisions will simply take the form "Section –."

relevant fact is his state of citizenship and not his residence, but that flaw is probably readily curable--those two statuses coincide as to most individuals).

But all that Complaint ¶5 says as to Sarno is this:

> The Defendant, Sarno Investment Properties, LLC, is an Illinois corporation, and was at all times referenced in this Complaint doing business in the State of Illinois.

As that language reflects, PNC's counsel has spoken only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore nearly 14 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by White Pearl Inversiones S.A. v. Cemusa, Inc., 647 F.3d 684, 686 (7th Cir. 2011) and by other cases cited there). And that teaching has of course been echoed many times over by this Court and its colleagues.

This Court has a mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). There is really no excuse for counsel's lack of knowledge of such a firmly established principle after well over a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only PNC's Complaint but this action are

dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with PNC and its counsel jointly obligated to pay a fine of $350 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal.[2] Because this dismissal is attributable to PNC's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

                                          /s/ Milton I. Shadur
                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date:  August 2, 2012

---

     [2] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable.