```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

PNC BANK, etc.,                     )
                                    )
          Plaintiff,                )
                                    )
     v.                             )      No.  12 C 5992
                                    )
SARNO INVESTMENT PROPERTIES,        )
LLC, et al.,                        )
                                    )
          Defendant.                )
```

### MEMORANDUM ORDER

Defendants Sarno Investment Properties, LLC ("Sarno") and Jonathan Borkowsky ("Borkowsky") have noticed up for presentment on November 13 their motion to dismiss the First Amended Complaint ("FAC") brought against them by PNC Bank ("PNC"). Because the motion to dismiss is obviously ill-considered, this Court sua sponte denies the motion to dismiss and orders Sarno and Borkowsky to answer the FAC.

What defense counsel seek to hang their legal hat on is PNC's asserted failure to allege defaults on the 2004 Promissory Note and 2006 Promissory Note--an essential component of each count in the FAC. But that is totally myopic:

> 1. As to the 2004 Promissory Note, FAC ¶9 (a paragraph specifically referred to and quoted in the motion to dismiss) incorporates FAC Ex. C by reference--and that May 8, 2012 letter from PNC to Sarno and Borkowsky <u>expressly</u> states that the loan is in default. Defense counsel's failure to note that is frankly inexcusable.

      2. As to the 2006 Promissory Note, the motion refers to and quotes the paragraph of FAC Count II that incorporates by reference the first 16 paragraphs of the FAC.[1] That being so, defense counsel cannot put on blinders and ignore FAC ¶13, which expressly speaks of Sarno's "having failed to pay off the loan in full at the time of maturity"--another obvious default.

Accordingly as stated earlier, the motion to dismiss is denied, and both defendants are ordered to answer the FAC on or before the proposed November 13 presentment date. In addition, the parties are expected to appear at that proposed presentment date to discuss whether Fed. R. Civ. P. 11(b) applies to the filing of the bootless motion.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: November 6, 2012

---

[1] It is true that the incorporation by reference contains a typographical error, referring to "this Count I" rather than "this Count II." But that nit scarcely justifies the filing of a motion to dismiss--why didn't defense counsel simply call PNC's counsel and ask that the obvious typographical error be corrected?